a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LORENZO JEFFERSON #355182,<br>Plaintiff | CIVIL DOCKET NO. 5:22-CV-00939<br>SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WARDEN HOOPER,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Lorenzo Jefferson ("Jefferson"). Jefferson is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Jefferson challenges his conviction in the First Judicial District Court, Caddo Parish.

Because Jefferson's Petition is second and successive, it should be DISMISSED for lack of jurisdiction.

I. Background

Jefferson was convicted of second-degree murder and attempted second-degree murder. On June 9, 2011, he was sentenced to life imprisonment. ECF Nos. 1, 1-3. In a state habeas petition filed on March 3, 2021, Jefferson claimed that his conviction was unlawful pursuant to other trial court rulings that non-unanimous jury verdicts were invalid. ECF No. 1-3 at 20-22, 36. Jefferson's petition was denied because he was convicted by a judge, not a jury. ECF No. 1-3 at 37. The appellate court denied

writs. ECF No. 1-3 at 49. The Louisiana Supreme Court did not consider Jefferson's writ application because it was untimely filed under Rule X. ECF No. 1-3 at 66.

Jefferson previously challenged this same conviction through a habeas petition. *Jefferson v. Warden*, 5:14-CV-2264, 2015 WL 464430, at *1 (W.D. La. 2015). The Petition was denied, and the United States Court of Appeals for the Fifth Circuit denied certificate of appealability. ECF No. 15-30123 (5th Cir.).

Jefferson asks this Court to vacate his conviction or remand the case to the Louisiana Supreme Court with an Order to consider his writ application. ECF No. 1 at 15. However, his § 2254 Petition is "second and successive" and must be dismissed for lack of jurisdiction.

## II. Law and Analysis

### A. Jefferson's Petition is Second and Successive.

Jefferson's first habeas petition was adjudicated on the merits, but it did not include Jefferson's claim regarding jury unanimity. See *Jefferson*, 2015 WL 464430, at *1. Nonetheless, the Petition is second and successive because his claim could have been raised in the first Petition. According to 28 U.S.C. § 2244(b)(2), a claim presented in a second or successive § 2254 petition that was not presented in a prior application shall be dismissed unless: "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the

evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Jefferson seems to rely on § 2244(b)(2)(C), as he claims his conviction is unlawful under the newly recognized rule that non-unanimous jury verdicts are unconstitutional. Although Jefferson cites a 2019 ruling from the Louisiana Fifteenth Judicial District Court finding that non-unanimous jury verdicts are unconstitutional, the United States Supreme Court has since recognized that unanimity in jury verdicts is required under the Constitution. *See Ramos v. Louisiana*, 140 S. Ct. 1390, 1407 (2020). However, the Supreme Court held that "*Ramos* announced a new rule of criminal procedure" that "does not apply retroactively on federal collateral review." *Edwards v. Vannoy*, 141 S. Ct. 1547, 1562 (2021). The Supreme Court noted that the states "remain free, if they choose, to retroactively apply the jury-unanimity rule as a matter of state law in state post-conviction proceedings." *Id.,* 141 S.Ct. at 1559. The Louisiana Supreme Court has likewise determined that *Ramos* does not apply retroactively on collateral review in Louisiana. *See State v. Reddick*, 2021-01893 (La. 10/21/22).

Regardless, Jefferson was not convicted by a jury. He waived his right to a jury trial and elected to proceed before a judge. Thus, *Ramos, Edwards, Reddick*, and the trial court opinions Jefferson cites are entirely inapplicable to Jefferson's conviction.

Even if Jefferson met the requirements of § 2244(b)(2), his Petition would still be subject to dismissal for failing to obtain authorization from the Fifth Circuit. 28 U.S.C. § 2244(b)(3).

### B. This Court cannot remand Jefferson's case to the Louisiana Supreme Court.

Jefferson alternatively asks that this Court remand the case to the Louisiana Supreme Court and order it to consider his writ application. However, federal courts do not function as super appellate courts. *See Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981); *see also Lay v. McCain*, 19-CV-9803, 2020 WL 4284348, at *1 (E.D. La. July 27, 2020) (recognizing the lack of federal court's authority to remand to the Louisiana Supreme Court). This Court has no authority to remand a case to the Louisiana Supreme Court.

### III. Conclusion

Because Jefferson's Petition is second and successive and he has not obtained authorization from the Fifth Circuit, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Tuesday, January 24, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE